M. Ragacini *v.* G. S. Skilbeck and Wife.

**Husband and Wife—Agency of Wife—Action.**

In · an action against a husband and wife, where the evidence shows that the wife merely acted as the agent of the husband, judgment can not be rendered against the wife, the husband alone being liable.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 7, 1873.

OPINION BY JUDGE PETERS:

This record contains two judgments against the appellant, one in favor of Albert S. Berry and the other in favor of Skilbeck and wife, and this appeal is prosecuted from both judgments.

The appellant leased from Skilbeck and wife certain real estate in the city of Newport for the period of six years from the 19th of January, 1864, at a yearly rent of $75. Three hundred dollars of the renting was paid in hand in a note due the appellant by Skilbeck and wife, and for the balance, $150, she executed her note, payable to G. S. Skilbeck in six months from date. The appellant took possession of the leased premises and before the expiration of her lease, Skilbeck and wife, by a conveyance of record, sold the property to the appellee, Berry. After the expiration of the lease Berry brought an action of ejectment against the appellant for the real estate conveyed him by Skilbeck and wife, and the appellant resisted a recovery on the ground that before · the expiration of her lease and prior to the purchase by Berry, she had, by a parol contract, purchased of Skilbeck and wife the land property, and that Berry had notice of her purchase. She also alleges that she made payments to Wm. Skilbeck as agent of her husband, of several hundred dollars, and made valuable and lasting improvements on the property. This answer is made a cross-petition against Skilbeck and wife, and also Berry, all of whom answer, denying the allegations of the cross-petition. There is no proof whatever showing that the appellee, Berry, had notice of any purchase made by the appellant of this property, either from Skilbeck or his wife, having obtained a deed from Skilbeck and wife, and the lease to the

appellant, having expired before he instituted his action, his right to recover can not be questioned, and the judgment in his favor is affirmed. The questions arising between the appellant and Skilbeck and wife are more difficult of solution. Wm. Skilbeck seems to have been the active party in making all the contracts with the appellant and received the money (if any was paid) as the appellant alleges in her cross-petition, as the agent of her husband. When she leased this land or lots of Skilbeck and wife she held the note of the two, secured by mortgage for three hundred dollars, which she surrendered and gave her note for $150, payable in six months, to the husband. How this note for $150 was paid off does not satisfactorily appear. The appellant was an old, illiterate, ignorant German woman, and seemed to have implicit confidence in the fairness and friendship of Wm. Skilbeck. After she leased the premises she sublet some part of the property to a negro by the name of Dudley, and when Dudley made his payments of rent, Wm. Skilbeck was generally present and sometimes received the money. She proves by one witness who had applied to Wm. Skilbeck to lease the property, that the latter informed him that she had sold it to the appellant, and by another, the wife of Dudley, the colored man, that at one time Wm. Skilbeck received some of the rent money, and said to the appellant "that she would set it down and it would go for the place." In 1866, two years after the lease commenced, Wm. Skilbeck made the following memorandum purporting to be a receipt: "Rec'd four hundred dollars up to this date, Aug. 30th, 1866. 33 dollars received $15 on the rent, rec'd fifty dollars on the rent June 21, rec'd $15 and $27 on rent."

This memorandum is in the handwriting of Wm. Skilbeck, and it is proven by a colored woman (the wife of Dudley) who seems to have more than ordinary intelligence for one of her race, "that when this writing was prepared by Wm. Skilbeck, that the appellant asked the witness to read it, and, upon reading it, she informed the appellant that Wm. Skilbeck ought to sign it, that it would be useless without his signature." Wm. Skilbeck protested his friendship for the old lady, and said it would be all right without it. The cross-petition charges the wife of Skilbeck with having received this money as the agent of her husband. The agency is not denied and the only response is, "that no money was ever paid, but the lease money." The reply of both Skilbeck and wife is evasive upon the

subject of this receipt, and calculated to create suspicion of unfair dealing on their part, towards the old German woman. They say that this was a mere memorandum of the rent paid by Dudley, the colored man, to the appellant, so as to enable her to know how much she had received from him. Dudley had only been in the possession of his lease for about six months, and could not have owed the appellant exceeding ninety dollars. This money was paid and received by some of the parties connected with this leased property. Dudley, the colored man, could not have paid it because he, if none of his rent had been paid, would owe only $90. Skilbeck and wife did not pay it for the reason that it is not claimed that they were indebted to the appellant. The appellant has the possession of the paper and it was evidently given to her for some purpose, and the facts proven indicate very clearly that it was written by Wm. Skilbeck as evidencing the amount paid him by the appellant on a parol contract for the purchase of the property sold Berry. She wrote the receipt, as herself and husband both admit. She ought to be able to explain why it was written, and to whom it was intended to be executed. If it was intended for Dudley it was for money he never paid, but if intended for the appellant, and its possession by him is almost conclusive of this fact, we are then constrained to adjudge from all the evidence appearing in the record that the appellee, Skilbeck, and wife were the recipients of this money, under the alleged parol contract for this property.

There is some testimony showing that the appellant, when learning of Berry's purchase, became very angry and said she wanted to buy this property herself. This statement can not, if true, be reconciled with other prominent facts, shown in the cause, the truth of which is conceded by the appellant. The appellant made some improvements on this property, but the testimony shows that these improvements added but little, if any, to its value. She also paid the taxes due the state upon this realty, and all her actions taken into consideration under the proof on this subject evidence the existence of the alleged parol contract. If the sheriff's receipt contributed for the taxes was not genuine, or not in payment for the taxes due on this ground, it would have been an easy matter for the appellees to show that they paid the taxes and not the appellant. It may be that the items for rent charged alleged to have been received by Wm. Skilbeck were in payment of the $150 note, and we are inclined

so to judge, but the sum of four hundred dollars, with interest from the 30th of August, 1866, the appellant is entitled to recover, also the amount of the taxes paid by her on the property. There is nothing in the record showing that the land ever belonged to Wm. Skilbeck and even if there was, the same has been converted into money, and no claim is urged by the wife as against the husband out of the proceeds of sale. She acted as his agent in all these transactions, and the court below, upon the return of the cause, should require the appellee, Berry, to pay the amount of money due appellant out of the purchase money owing by him.

The cross-petition seeks to recover the money in the hands of Berry. He admits an indebtedness of $1,000. No judgment can be rendered as against Wm. Skilbeck, her husband being alone liable by reason of her acts as his agent. The judgment in favor of Skilbeck and wife is reversed and the cause remanded for further proceedings.

*E. W. Hawkins, for appellant.*

*J. R. Hallam, for appellees.*